## No. 13,193.

WOLFORD ET AL. *v.* BANKERS SECURITY LIFE COMPANY
ET AL.
(17 P. [2d] 298)

Decided November 14, 1932.   Rehearing denied December 5, 1932.

Mr. BENJAMIN C. HILLIARD, JR., for plaintiffs in error.

Mr. J. Emery Chilton, for defendants in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

The defendants in error, Bankers Security Life Company, Frank M. Holmes, H. R. Irelan and Mrs. A. G. Davis were plaintiffs below, and the plaintiffs in error, W. W. Wolford, Ermil E. Coler, Arley C. Rowlands and Gladys Beadle, were defendants below. We will refer to the parties as they were aligned in the trial court. A demurrer to the complaint was overruled, and, the defendants electing to stand by their demurrer, the court rendered judgment against them. They seek a reversal of that judgment.

The complaint alleges, in substance, that on August 22, 1932, defendants Wolford, Coler and Rowlands were directors of Bankers Security Life Company, a corporation; that on that date a special meeting was held; at which they were removed and the individual plaintiffs were elected directors in their stead; that the defendants refused to vacate the company's office rooms, and refused to turn over to the plaintiffs the company's books, records and money. It is alleged, also, that the defendants Wolford, Coler and Rowlands had "usurped the duties and powers of the new board, and threaten to continue to do so." The prayer was for an injunction, commanding the plaintiffs in error "to vacate the office," and turn over the company's property to the president, and restraining them from interfering with the "officers and directors" of the company. The defendant Gladys Beadle was the company's stenographer.

One of the grounds upon which a reversal is sought is that the legal remedy of quo warranto is a plain, speedy and adequate remedy, and, therefore, that a proceeding in equity will not lie.

It is obvious that the main purpose of the suit is to

determine who are the lawful directors and entitled, as such, to conduct the affairs of the company, and that the injunction is merely incidental to the main purpose, and is sought in order to enable the plaintiffs, who claim to be the directors, to conduct the affairs of the company. It is not a case where there is involved some paramount equity, to which the title to the office is merely incidental. An illustration of such a paramount equity is given in 2 High on Injunctions (4th Ed.), §1235: "Thus, where defendants, claiming to be the directors of a railroad corporation, had forcibly seized possession of the property of the road and were using it in such a way as to cause irreparable injury to property rights, it was held that equity might properly interfere for the protection of such rights, and the fact that the court was compelled incidentally to determine the question as to the validity of the election of the directors, did not deprive the court of its jurisdiction. But the decision in such case is merely for the purpose of the pending proceeding, and it does not determine the ultimate right to the office or vacate it if the claimant is already in possession. Indeed, the only ground upon which the jurisdiction of equity in restraint of corporate elections can be properly based is the protection of the property rights of shareholders, and it is believed that the limit to the exercise of the jurisdiction is found in such measure of preventive relief as will prevent injury to those property rights, without extending it to questions of title to corporate offices, the determination of which is to be sought in a legal rather than in an equitable forum." In such and in similar cases equity may grant relief, even though it is necessary, in the equitable proceeding, to determine who constitute the legal board of directors. But in the present case, the right to the possession of the corporate property and the right to conduct the affairs of the company are claimed as incidental to the office of director, and there are no special circumstances justifying the interposition of a court of equity. In High on Extraordi-

nary Legal Remedies (3d Ed.), at section 619, it is said: "Thus, the legality of the election of trustees of an incorporated association, and their consequent right to exercise the functions pertaining to their office, and to conduct the affairs of the corporation, will not be determined by bill in chancery, such a case being regarded as appropriately falling within the jurisdiction of the common-law courts by proceedings in quo warranto."

In *Grant v. Elder,* 64 Colo. 104, 170 Pac. 198, though the prayer for an injunction was abandoned, we approved the foregoing quotations from High's works, and held that the real purpose of the proceeding was to determine the title to the office of director; that there was no paramount equity involved, to which such title was merely incidental; and that in such case quo warranto is the proper remedy. Counsel suggests that that case was decided upon the mistaken idea that an office in a private corporation is a franchise, and commends to us, for serious consideration, the dissenting opinion filed in that case. The writer of this opinion, who, as judge of the district court, tried that case, was strongly impressed with the views later appearing in that dissenting opinion, but, on error, this court held those views to be unsound. The case of Grant v. Elder has not been overruled. The law therein announced has been the law in this jurisdiction for over fourteen years, and we do not feel that we should depart from it on this occasion.

The judgment is reversed, and the cause is remanded with the direction to the lower court to sustain the demurrer.

Mr. Justice Hilliard did not participate.